Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Of Attorneys for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LESLIE MILLER, an Individual,<br><br>     Plaintiff,<br><br>  v.<br><br>LEGACY HEALTH, a corporation,<br><br>     Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY<br>ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, through counsel, comes before the Court to file this Complaint for Damages against the above-named Defendant. In support of this Complaint, Plaintiff alleges as follows:

## INTRODUCTION

This case centers around the Plaintiff, a former employee of Defendant Legacy, and the unlawful religious or medical discrimination she suffered because of her conflict with taking the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff is a former employee of the Defendant who worked for Defendant in the Portland Metropolitan Area. Defendant is a corporation with more than 500 employees that has its headquarters in Portland and does regular,

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

sustained business activity in the State of Oregon.

2.

Plaintiff has exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and is bringing this Complaint within the 90-day time limit allocated to her by statute. On April 01, 2024, Plaintiff received a 90 day right to sue letter, making her deadline to file suit July 1, 2024. Thus, this lawsuit is timely filed.

3.

In order for an EEOC complaint to put an employer on notice of claims that could impact an entire group of employees, including a plaintiff and other similarly situated individuals, it is not necessary to include class action language or state that the EEOC complaint is on behalf of others similarly situated. *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 380–81 (D. Ariz. 2013), *amended in part sub nom. Estrada v. Bashas' Inc.*, CV-02-00591-PHX-RCB, 2014 WL 1319189 (D. Ariz., Apr. 1, 2014). Plaintiff reserves the right to assert claims on behalf of a class of similarly situated individuals.

4.

On information and belief, Legacy terminated approximately over 800 religious employees who had submitted religious or exemptions from the vaccine mandates and refused to accommodate them in violation of state and federal law. The Plaintiff and other Legacy employees filed over 100 similar complaints with the EEOC or the Oregon Bureau of Labor. After receiving just one EEOC complaint, Legacy was on notice that the Plaintiff and other similarly situated employees intended to their claims for wrongful termination due to Legacy's actions. The EEOC was also on notice about these complaints that numbered in the hundreds.

5.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

Page 2 – COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

## STATEMENT OF FACTS

6.

As described in greater detail below, Plaintiff worked in a Legacy facility during the COVID-19 pandemic, which began in March of 2020. Plaintiff was an exceptional employee, and maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

7.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

8.

Plaintiff held sincere and profound religious belief which prevented her from being able to take the available COVID-19 vaccines. Her religious beliefs were in direct conflict with taking the COVID-19 vaccine.

9.

Legacy discovered that the vast majority of the requested exemptions from the vaccine mandate involved religious exemptions. Over 800 employees working for Legacy submitted religious exemptions. Legacy was aware that its policies regarding whether to accommodate those with religious exemptions would have a profound negative effect on the number of religious individuals working for Legacy who has religious beliefs that prevented them from taking the available COVID-19 vaccines.

10.

After Plaintiff and other similarly situated individuals submitted religious exemptions,

Page 3 – COMPLAINT FOR DAMAGES

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Legacy's agents were aware that the vast majority of individuals who objected to taking the vaccines did so for religious reasons.

11.

On information and belief, Legacy's agents had religious animus towards the employees with religious convictions against taking any of the available COVID-19 vaccines, and intentionally implemented policies and procedures designed to ensure that those people would not be able to continue working for Legacy under the pretext that continuing to work in a hospital setting would present a health risk to other employees or employees themselves.

12.

Legacy's claims of undue burden are also belied by the fact that Legacy refused to provide remote work as an accommodation for workers who submitted religious exemptions. Legacy also wrongfully accessed employee vaccination history without permission when evaluating exemptions and wrongfully denied exemptions when any person had any record of taking any vaccine at all, even if prior generations of vaccines did not involve the use of fetal tissue, MRNA technology, or other elements that caused the Plaintiff and other similarly situated individuals to have religious objections to the available COVID-19 vaccines.

13.

Legacy not only failed to provide reasonable accommodation to its employees who sought exemptions from the COVID-19 vaccine mandate, it also placed them on unpaid administrative leave for a significant amount of time, resulting in a wrongful reduction in pay during the time that religious employees were placed on unpaid leave. During this time, Legacy used the financial pressure imposed by its unpaid leave to try to force religious employees to get vaccinated, despite their sincere religious convictions. The time period on unpaid leave often meant that employees could not get a new job because they were still technically employed, even though Legacy quickly cut off most employee benefits.

14.

Legacy retaliated against its employees who were engaged in a lawful process of filing religious exemptions by ignoring the process suggested by the EEOC, which states that sincerity of religious beliefs should be presumed. Instead, Legacy unlawfully accessed vaccination records from all of its employees without their permission and used that information to deny exemptions to anyone who had ever received a vaccine as an adult. Legacy did not conduct a follow-up inquiry with the religious employees that had previously taken a vaccine to see if their religious beliefs had changed or whether they had specific religious objections to the COVID-19 vaccines that they did not have when it came to previous vaccines, as the EEOC suggests. Instead, Legacy simply denied the exemptions without further investigation.

15.

When Legacy finally chose to terminate those religious employees who still had not taken the vaccine after weeks of unpaid leave, many employees could not find jobs, because other regional hospitals had enacted similar policies. Religious hospital employees with specialized jobs often had difficulty finding new employment after termination. Some had to move out of state or change professions entirely. Legacy's decision to terminate religious employees caused significant financial hardship and emotional trauma to those employees on a massive scale.

16.

**<u>LESLIE MILLER</u>**

Plaintiff Leslie Miller worked for approximately three years without incident and with exclusively positive reviews as a Relief Charge Nurse for Defendant.

17.

On or about August 2, 2021, Plaintiff Miller applied for a religious exemption from the vaccine based on her sincerely held religious beliefs because she is a devout Christian. Plaintiff Miller informed Legacy that she believes that God's word, through the bible, tells her that her body is a temple of the Holy Spirit and that she is to honor God with her body.  This scripture compels

her to do all she can to keep her body from being defiled. Plaintiff further explained that her church teaches her that free and informed consent is required prior to all medical treatments and procedures, including vaccination, and consent is free if a person knows the essential nature of the treatment, and has the ability to decline without coercion or fear. In addition, the scriptures teach her that every human life is created in the image of God, and is a gift to be cherished and protected, Psalm 127:3. Plaintiff Miller's church also affirms that life begins at the moment of conception through to natural death. For this reason, Plaintiff Miller informed Legacy, that she believes that abortion and any act or treatment that benefits from it is a sin against the image of God, and she could not take any of the COVID vaccines as they had been tested, produced, or manufactured using aborted fetal cell lines. Plaintiff Miller was informed, via a phone call shortly before her last shift, that her religious exception was denied. She was told not to bother with an appeal because it wouldn't matter, as only 100 exception requests were accepted, with several hundred being denied. Plaintiff Miller was placed on unpaid leave on October 1, 2021, and terminated on October 19, 2021.

18.

Prior to her termination, Plaintiff Miller was singled out in a meeting by her house supervisor who let others know that Plaintiff Miller was declining the vaccine due to religious beliefs. A coworker then told Plaintiff Miller that she was making everyone sick and that she had no right to be a nurse. This hostile work environment continued until Plaintiff Miller was placed on unpaid leave. There was no compassion or respect for her religious beliefs.

19.

As a consequence of Defendant's unlawful actions, Plaintiff Miller suffered mental and emotional distress, including stress, anxiety, tearfulness, insomnia, nightmares, feelings of worthlessness, nausea, headaches, loss of appetite and mood swings. Plaintiff Miller was forced to cash out her retirement fund to survive, which lead to massive penalties and a large debt to the

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

IRS. Plaintiff Miller and her family, including her children, lost their health care coverage for over a month. Although she has found employment in a different field, it pays significantly less. Plaintiff Miller has incurred economic damages of at least $50,000.00, future wage loss of at least $50,000.00 and non-economic damages of $200,000.00 or in an amount to be determined at trial.

20.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

22.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff requested an exception to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

24.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiff's religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's individual wrongful terminations.

25.

Defendant's violations of ORS 695A.030(1) are more specifically described as follows:

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

1. Wrongful Termination. Defendant wrongfully terminated Plaintiff in violation of ORS 695A.030 by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights under ORS 695A.030 in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating them as a group to be terminated, violated 695A.030 anti-discrimination prohibition on the basis of both disparate treatment and disparate impact.

2. Wrongful reduction in pay. Defendant wrongfully reduced the Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of their religion by placing them on unpaid administrative leave after they submitted religious exemptions.

3. Retaliation. Defendant violated retaliation provisions of ORS 695A.030 by segregating and terminating the Plaintiff and other similarly situated individuals who invoked ORS 695A.030 protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under ORS 695A.030. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

4. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs' request for a religious exemption in violation of ORS 695A.030. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiffs and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of their position and the level of risk they may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases.

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Previously, employees needed to simply check a box to obtain a religious exemption. Legacy also did not simply accept the OHA form. Legacy demanded a longer form, and implied that a letter from a pastor or religious leader was necessary, even though the OHA form did not require it. Legacy imposed a significant amount of unnecessary onerous requirements in order to discourage religious employees from completing all of the paperwork necessary to obtain an exemption. All these policies, procedures, and practices involving the way Legacy treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

5. Company-wide, or systemic, discriminatory pattern or practice in violation of ORS 695A.030 which had a disparate negative impact on religious healthcare employees in Oregon. Company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field.

6. Defendant's staff and employees created a hostile work environment for the Plaintiff who had a religious exemption to the vaccine mandate by making threatening and hostile statements which made Plaintiff feel intimidated, harassed, and humiliated on account of their sincere religious beliefs in opposition to the COVID-19 vaccine. A significant amount of this harassment occurred after Plaintiff and similarly situated individuals submitted their religious exemptions. Legacy created a hostile work environment designed to humiliate religious employees for their religiously motivated decisions, in this case, choosing not to

take the vaccine, knowing that most of their unvaccinated employees were doing so for religious reasons.

26.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff Miller has incurred economic damages of at least $50,000.00, future wage loss of at least $50,000.00 and non-economic damages of $200,000.00, or an amount to be determined at trial. Plaintiff further seeks attorney's fees under ORS 695A.885.

27.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

28.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

29.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

30.

When Plaintiff requested a religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiff's religious beliefs.

31.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiff's religious beliefs

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

32.

Defendant's violations of Title VII are more specifically described as follows:

1.  Wrongful Termination. Defendant wrongfully terminated the Plaintiff in violation of Title VII of the United States Civil Rights Act by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation, and terminating them after they invoked their rights under Title VII in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group to be terminated, violated Title VII's anti-discrimination prohibition on the basis of both disparate treatment and disparate impact.

2.  Wrongful reduction in pay. Defendant wrongfully reduced Plaintiff's pay under Title VII in a discriminatory manner on the basis of her religion by placing her on unpaid administrative leave after they submitted a religious exemption.

3.  Retaliation. Defendant violated retaliation provisions of Title VII by segregating and terminating the Plaintiff and other similarly situated individuals who invoked Title VII's protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under Title VII. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

4.  Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs requests for a religious exemption in violation of Title VII and the corresponding provisions of Oregon law. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiff and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of their position and the level of risk they may have posed.

5. Company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act which had a disparate negative impact on religious employees in Oregon. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field.

6. Defendant's staff and employees created a hostile work environment for the Plaintiff by making threatening and hostile statements which made the claimant feel intimidated, harassed, and humiliated on account of their sincere religious beliefs in opposition to the COVID-19 vaccine. A significant amount of this harassment occurred after Plaintiff and similarly situated individuals submitted their religious exemptions. Thus Legacy was on notice that the vast majority of those seeking exemptions sought religious exemptions, so the vast majority of the unvaccinated were choosing to be unvaccinated for religious reasons. Legacy created a hostile work environment designed to humiliate religious employees for their religiously motivated decisions, in this case, choosing not to take the vaccine, knowing that most of their unvaccinated employees were doing so for religious reasons.

7. Plaintiff Miller has incurred economic damages of at least $50,000.00, future wage loss of at least $50,000.00 and non-economic damages of $200,000.00, or an amount to be determined at trial. Plaintiff seeks punitive damages. She also seeks her attorney fees under the provisions of Title VII.

Page 12 – COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seek the following relief:

1. Judgment in favor of Plaintiff and against Defendant on all claims relevant to her in an amount to be determined at trial.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

    DATED this 1st day of July 2024.


RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
Paul Janzen, OSB No. 176240
caroline@ruggedlaw.com
Of Attorneys for the Plaintiff

Page 13 – COMPLAINT FOR DAMAGES