IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LESLIE MILLER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LEGACY HEALTH**, a corporation,<br><br>Defendant. | Case No. 3:24-cv-01073-IM<br><br>**OPINION AND ORDER GRANTING MOTION TO DISMISS** |

Paul Robert Armstrong Janzen & Caroline Janzen, Rugged Law, Inc., 4550 SW Hall Boulevard, Beaverton, OR 97005. Attorneys for Plaintiff.

Rachel S.D. Gale, Dominik K. Mackinnon, Brenda K. Baumgart & Melissa J. Healy, Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Plaintiff Leslie Miller brings claims against Defendant Legacy Health for failure to accommodate under Title VII and Oregon law. Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF 9, arguing that Plaintiff's claim under Oregon law should be dismissed as time-barred. This Court concludes that Plaintiff failed to bring her claim within the applicable statute of limitations and grants the motion to dismiss.

PAGE 1 – ORDER GRANTING MOTION TO DISMISS

**STANDARDS**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007). That means the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff cannot "nudge the claim across the line from conceivable to plausible, the complaint must be dismissed." *Twombly*, 550 U.S. at 570 (cleaned up). At this stage, the court must accept as true all factual allegations, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), draw all reasonable inferences in favor of the non-moving party, *id.*, and take care to "examine the allegations of the complaint as a whole," *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021).

**BACKGROUND**

For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true. Plaintiff Leslie Miller was previously employed by Defendant as a registered nurse for approximately three years. Complaint ("Compl."), ECF 1 ¶ 16. She states that she received "exclusively positive reviews" for her work. *Id.* Plaintiff Miller is a devout Christian. *Id.* ¶ 17.

In the summer of 2021, Defendant imposed a COVID-19 vaccine mandate on its employees. *Id.* ¶ 7. Plaintiff's religious convictions prevented her from taking the vaccine. *Id.* ¶ 8. Plaintiff applied for a religious exception to the vaccine mandate. *Id.* ¶ 17. Defendant denied her request, placed her on administrative leave on October 1, 2021, and terminated Plaintiff's employment on October 19, 2021. *Id.*

PAGE 2 – ORDER GRANTING MOTION TO DISMISS

Plaintiff filed a religious discrimination complaint with the Oregon Bureau of Labor and Industries ("BOLI") on August 15, 2022. Declaration of Dominik Mackinnon ("Mackinnon Decl."), ECF 10-1, Ex. 1. Plaintiff received a right-to-sue letter from BOLI on May 19, 2023. *Id.* ECF 10-2, Ex. 2. She filed the present action on July 1, 2024. Compl., ECF 1.

## DISCUSSION

Plaintiff argues that Defendant wrongfully terminated her employment after failing to make a good-faith effort to accommodate her sincere religious beliefs. *Id.* ¶ 22–23. She brings claims for employment discrimination under both Title VII of the Civil Rights Act of 1964 and O.R.S. 659A.030. *Id.* ¶ 20–32.

Defendant moves to dismiss Plaintiff's claim brought under O.R.S. 659A.030, arguing that it is barred by the statute of limitations.[1] Motion to Dismiss ("Mot."), ECF 9 at 17. Specifically, Defendant argues that, because Plaintiff filed a BOLI complaint, she was obligated to commence this action within 90 days of the mailing of a right-to-sue letter from BOLI. *Id.* This Court agrees and concludes that Plaintiff's claim under O.R.S. 659A.030 is time-barred.

Under Oregon law, plaintiffs claiming employment discrimination are faced with a choice. If a plaintiff does not file a BOLI complaint, the action "must be commenced not later than five years after the occurrence of the alleged violation." O.R.S. 659A.875(1)(b). A plaintiff who files a BOLI complaint, however, "must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant." O.R.S. 659A.875(2).

---

[1] Plaintiff's counsel agreed to withdraw all claims that were the subject of Defendant's Motion to Dismiss other than the state law failure-to-accommodate claim. Plaintiff's Response to the Motion to Dismiss, ECF 17 at 1; Defendant's Reply, ECF 18 at 1 n.1. This Opinion therefore only addresses the timeliness of that claim. This Court applies the Oregon statutes of limitations to Plaintiff's supplemental state law claim brought under federal question jurisdiction. *See Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 157 (9th Cir. 1992).

PAGE 3 – ORDER GRANTING MOTION TO DISMISS

If the complaint is not filed until the end of the five-year window for filing a BOLI complaint,[2] or if the investigation is protracted, the 90-day period may effectively toll the statute of limitations beyond the five-year limitation that would have applied had the plaintiff not filed a BOLI complaint. If the BOLI investigation is efficient, however, the 90-day deadline may shorten the relevant statute of limitations. In either circumstance, "ninety days means ninety days, and . . . complaints filed even a day or two past the ninety-day deadline are time-barred." *Chaffin v. Apple, Inc.*, No. 3:19-cv-00155, 2019 WL 3432769, at *2 (D. Or. June 21, 2019), *findings & recommendation adopted*, 2019 WL 3451303 (D. Or. July 26, 2019).

Plaintiff, relying on *Daniel v. Oregon Health & Sciences University*, 262 F. Supp. 3d 1079 (D. Or. 2017), argues that this Court should apply either the five-year limitation or 90-day period following a right-to-sue letter from BOLI, "whichever is longer, not whichever is shorter." Response in Opposition to Motion to Dismiss ("Resp."), ECF 17 at 3–4. In *Daniel*, the court read the 90-day limitation in O.R.S. 659A.875(2) as allowing the employee "an *additional* 90 days to file a civil action after BOLI issues its notice." *Id.* at 1086 (emphasis in original) (quoting *Bieker v. City of Portland*, No. 3:16-CV-00215-BR, 2016 WL 3769753, at *6 (D. Or. July 14, 2016)). The *Daniel* court concluded that "ORS 659A.875 provides a statute of limitations of one year[3] or 90 days after the mailing of a BOLI right-to-sue letter, *whichever is longer*." *Id.* (emphasis in original).

---

[2] A BOLI complaint alleging an unlawful employment practice under O.R.S. 659A.030 must be filed "no later than five years after the occurrence of the alleged unlawful employment practice." O.R.S. 659A.820(3).

[3] At the time *Daniel* was decided, this period was one year; the Oregon Legislature extended the period to five years for certain claims in 2019. Or. Laws 2019, ch. 343, § 6.

PAGE 4 – ORDER GRANTING MOTION TO DISMISS

The text of this statute "instruct[s], without ambiguity, that when someone files a complaint with BOLI, the limitations in subsection (2) apply, requiring a lawsuit to be filed within 90 days after BOLI mails its right-to-sue notice." *Leland v. Supervalu Wholesale Ops., Inc.*, No. 3:19-cv-02076-IM, slip op. at 8 (D. Or. Apr. 15, 2020). O.R.S. 659A.875(1) specifies that subsection (2) is an "except[ion]" to the five-year statute of limitations. An employee who files a BOLI complaint "*must* commence a civil action . . . within 90 days after a 90-day notice is mailed." O.R.S. 659A.875(2) (emphasis added). O.R.S. 659A.875(2) speaks in mandatory terms and does not suggest that it only tolls or extends the limitations period. This reading of the statute is the only interpretation that can be reconciled with O.R.S. 659A.880(3), which requires that BOLI's 90-day notice state that "any right to bring a civil action against the respondent under ORS 659A.885 will be lost if the action is not commenced within 90 days after the date of the mailing of the 90-day notice." While this Court acknowledges that *Daniel* supports a different conclusion, that opinion did not address the additional context provided by O.R.S. 659A.880(3).

O.R.S. 659A.875(2) creates an exception to the statute of limitations for an employee who files a BOLI complaint. This may shorten or lengthen the time to file suit relative to the general five-year statute of limitations, depending on the length of the BOLI investigation and the date the BOLI complaint was filed. Courts in this District, including this Court, have repeatedly applied the 90-day limitation rather than the five-year limitation in similar circumstances and concluded in each instance that those claims were time-barred. *See Bowerman v. St. Charles Health Sys., Inc.*, No. 6:23-cv-01488-MC, 2024 WL 3276131, at *8 (D. Or. July 1, 2024); *Riser v. St. Charles Health Sys., Inc.*, No. 6:23-cv-01720-AA, 2024 WL 2864405, at *2–3 (D. Or. June 6, 2024); *Craven v. Shriners Hosps. for Child.*, No. 3:22-cv-01619-IM, 2023 WL 5237698, at *4 (D. Or. Aug. 15, 2023); *see also Leland*, slip op. at 10.

PAGE 5 – ORDER GRANTING MOTION TO DISMISS

Plaintiff filed a BOLI complaint. ECF 10-1, Ex. 1. A right-to-sue letter was mailed to Plaintiff on May 19, 2023.[4] ECF 10-2, Ex. 2. That letter explicitly informed Plaintiff that "[a]ny right to bring a civil action against the Respondent under ORS 659A.885[5] will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice." *Id.* The 90-day period ran on August 17, 2023. This action was commenced on July 1, 2024, beyond the 90 days allowed by statute. This action is therefore time-barred, and Plaintiff offers no justification for equitably tolling the limitations period.

This Court grants Defendant's motion to dismiss Plaintiff's state law claim as untimely. No amendment would remedy this defect, *see Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008), so this dismissal is without leave to amend.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 9, is GRANTED. Plaintiff's claim under O.R.S. 659A.030 is DISMISSED without leave to amend.

**IT IS SO ORDERED.**

DATED this 26th day of November, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[4] Plaintiff's Complaint states that she received a 90-day right-to-sue letter on April 1, 2024. Compl., ECF 1 ¶ 2. This appears to refer to the 90-day letter from the federal Equal Employment Opportunity Commission. *See id.*; *see also* ECF 10-3, Ex. 3. A plaintiff's claims under O.R.S. 659A are time-barred "when filed more than 90 days after the mailing of the BOLI letter," even if filed "less than 90 days after receiving an EEOC letter." *Sharer v. Oregon*, 481 F. Supp. 2d 1156, 1164 (D. Or. 2007).

[5] O.R.S. 659A.885 provides a civil cause of action for violations of O.R.S. 659A.030.

PAGE 6 – ORDER GRANTING MOTION TO DISMISS